FILED
UNITED STATES DISTRICT COURT'S OFFICE
FOR THE
DISTRICT OF MASSACHUSETTS

2004 JUN 15 P 12: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
* * * * * * * * * * * * * * * * * * * * * *
MARIAN SOCACIU                             *    C.A. NO.
     Plaintiff                             *
                                           *
v.                                         *    COMPLAINT
                                           *
M/S RIVER ADAGIO and                       *
GRAND CIRCLE TRAVEL, INC.                  *
     Defendants                            *
* * * * * * * * * * * * * * * * * * * * * *
```

MAGISTRATE JUDGE Alexander

RECEIPT #_____
AMOUNT $ N/A
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. TOM
DATE 6/15/04

### THE PARTIES

1. The plaintiff, Marian Socaciu, resides in Brasov, Romania and at all times hereinafter referred to, was serving as a member of the crew of the M/S RIVER ADAGIO.

2. The defendant, Grand Circle Travel, Inc., is a duly organized corporation existing under the laws of Massachusetts, and at all times hereinafter referred to directly or indirectly, owned, operated and controlled or chartered the M/S RIVER ADAGIO and employed the plaintiff.

### JURISDICTION

This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), and federal question jurisdiction pursuant to 28 U.S.C § 1331.

### FACTUAL ALLEGATIONS

3. On or about May 27, 2003, the plaintiff was in the employ of the defendant as a guide and member of the crew of the M/S RIVER ADAGIO.

While the M/S RIVER ADAGIO was in navigable waters and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries.

## COUNT I
(Jones Act)

4. Paragraphs 1-3 are realleged and incorporated herein.

5. The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the fault of the defendant, its agents, or servants, as follows:

    a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

    b) Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

    c) Failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

    d) Failure and negligence of fellow employees;

    e) Failure and negligence in other respects that will be shown at the trial.

6. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

7. This cause of action is brought under the Merchant Marine Act of 1920,

commonly called the Jones Act. 46 U.S.C. § 688.

## REQUEST FOR RELIEF

1. Under Count I, that this court enters judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

## COUNT II
## GENERAL MARITIME LAW
(Unseaworthiness)

8. Paragraphs 1-7 are realleged and incorporated herein.

9. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances, and equipment.

10. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

11. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

## REQUEST FOR RELIEF

1. Under Count II, that this court enters judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

## COUNT III
(Maintenance and Cure)

12. Paragraphs 1-11 are realleged and incorporated herein.

13. As a result of his injuries, the plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage.

### REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

### COUNT IV
### GENERAL MARITIME LAW
(Negligence)

14. Paragraphs 1-13 are realleged and incorporated by reference.

15. The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the negligence of the defendants as he was rightfully on board the vessel.

16. As a result of said injuries, the plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost a great deal of time from his usual work, and has suffered and will suffer other damages as will be shown at the trial.

17. This cause of action is brought for negligence under the General Maritime Law.

### REQUEST FOR RELIEF

1. Under Count I that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
by his attorney,

*David B. Kaplan*
DAVID B. KAPLAN #258540
The Kaplan/Bond Group
Boston Fish Pier
West Building - Suite 304
Boston, MA 02210
(617) 261-0080

Dated: June 11, 2004